# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

DONNA JEAN BARNARD, )
)
    Plaintiff, )
)
v. ) No. 3:20-CV-05082-DGK-SSA
)
KILOLO KIJAKAZI, )
Acting Commissioner of Social Security, )
)
    Defendant. )

## ORDER AFFIRMING THE COMMISSIONER'S DECISION

    This case arises from the Commissioner of Social Security's ("the Commissioner") denial of Plaintiff Donna Jean Barnard's application for supplemental security income under Title XVI of the Act ("the Act"), 42 U.S.C. §§ 1381–1383f. The Administrative Law Judge ("ALJ") found Plaintiff had severe impairments of degenerative disk disease, diabetes with neuropathy and chronic diarrhea, obesity, history of rotator cuff disorder, fibromyalgia, chronic obstructive pulmonary disease ("COPD"), history of rheumatic mitral valve regurgitation post mitral valve replacement, depression, anxiety, and post-traumatic stress disorder ("PTSD"), but she retained the residual functional capacity ("RFC") to perform light work with numerous restrictions, including work as a copy machine operator, retail marker, and garment sorter.

    After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.

### Procedural and Factual Background

    The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff applied for supplemental security income on December 14, 2017, alleging a disability onset date of October 17, 2017.  The Commissioner denied the application at the initial claim level, and Plaintiff appealed the denial to an ALJ.  The ALJ held a hearing and on October 22, 2019, issued a decision finding Plaintiff was not disabled.  The Appeals Council denied Plaintiff's request for review on June 24, 2020, leaving the ALJ's decision as the Commissioner's final decision.  Judicial review is now appropriate under 42 U.S.C. § 405(g).

## Standard of Review

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole and whether the ALJ committed any legal errors.  *Igo v. Colvin*, 839 F.3d 724, 728 (8th Cir. 2016).  Substantial evidence is less than a preponderance but is enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision.  *Id.*  In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it.  *Id.*  The court must "defer heavily" to the Commissioner's findings and conclusions.  *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015); *see Biestek v. Berryhill*, 139 S.Ct. 1148, 1157 (2019) (noting the substantial evidence standard of review "defers to the presiding ALJ, who has seen the hearing up close.").  The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome.  *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

**Discussion**

The Commissioner follows a five-step sequential evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A).

Plaintiff argues the ALJ erred at Step Four by finding she could "frequently" reach bilaterally, instead of adopting the opinion of state agency medical consultant Dr. James Schell, M.D., who concluded Plaintiff could reach bilaterally only "occasionally." Hence, Plaintiff contends a finding that she could frequently reach bilaterally is not supported by the record. This finding is crucial because given the other limitations in the RFC, if Plaintiff could not frequently reach bilaterally, she would likely be disabled.

The Court finds no error here. To begin, the Court notes that this is not a case where the ALJ ignored or summarily dismissed a medical opinion. The record shows the ALJ carefully weighed and discussed Dr. Schell's opinion in detail and found it "somewhat persuasive." R. at 20-21. He ruled that Dr. Schell's opinion was well-supported by the evidence available at the time of his review relating to most, but not all, of her impairments. R. at 21. In fact, based upon Plaintiff's testimony and evidence of pain with motion of the lumbar spine, difficulty heel and toe walking, and wheezing upon examination, the ALJ included in the RFC some exertional and non-exertional limitations that were actually greater than the limitations assessed by Dr. Schell. *Id*.

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. §§ 404.1520(a)–(g). Through Step Four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

The ALJ discounted Dr. Schell's opinion with respect to Plaintiff's shoulder impairment, however, because Dr. Schell did not have the opportunity to review evidence from the hearing that the ALJ heard, and because Dr. Schell's opinion concerning Plaintiff's shoulder impairment was not fully consistent with the record as a whole. *Id*.

Substantial evidence supports the ALJ's conclusion. First, Dr. Schell's assessment of occasional reaching limitations conflicted with Plaintiff's consultative examination findings of bilateral shoulder flexion to 145 degrees (out of normal 150 degrees). R. at 21, 1240. Additional examination findings, also discussed by the ALJ, showed Plaintiff had full (5/5) upper extremity strength and grip strength, intact sensation, and the ability to rise from a seated position without difficulty. R. at 18, 1235, 1240. Evidence submitted after Dr. Schell's review also arguably conflicted with the doctor's findings. On May 24, 2018, the day after Dr. Schell's review, Plaintiff had an MRI on her right shoulder. This imaging showed "low-grade" tendinosis of the rotator cuff without underlying tear and "mild" AC joint arthropathy. R. at 17, 21, 1394, 1538-39, 1679, 1686-87.

Second, the ALJ rightly noted that that Dr. Schell's limiting Plaintiff to "occasional" reaching conflicted with Plaintiff's lack of consistent treatment for shoulder problems after August 2018. Plaintiff's minimal and conservative treatment for her right shoulder—three injections and Topamax, which Plaintiff acknowledged helped—were inconsistent with allegations of debilitating shoulder impairments. As the ALJ noted, Plaintiff did not require surgery for musculoskeletal degermation, nor did she undergo regular physical therapy during the relevant period. R. at 17, 545, 1204, 1234.

Third, as discussed by the ALJ, Plaintiff's activities of daily living established a greater level of functioning than she alleged. She lived independently in her own home, went out alone,

drove, shopped in stores, and walked for exercise three times a week.  R. at 14-15, 17-18, 20-22, 54-55, 203-06, 211, 1234, 1706, 1711.

Consequently, the Court cannot say the ALJ erred in finding Plaintiff could "frequently" reach bilaterally.

## Conclusion

For the reasons discussed above, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:  December 13, 2021             /s/ Greg Kays
                                     GREG KAYS, JUDGE
                                     UNITED STATES DISTRICT COURT